# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Honorable Marcia S. Krieger

Criminal Action No. 06-cr-00046-MSK

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**DARIUS RAMON LIMON,**

      **Defendant.**

_____

## OPINION AND ORDER DISMISSING § 2255 PETITION
_____

**THIS MATTER** comes before the Court pursuant to Mr. Limon's Motion to Vacate **(#149)** his sentence pursuant to 28 U.S.C. § 2255. Also pending is Mr. Limon's Motion to Stay **(# 150)** consideration of the Motion to Vacate, pending the 10th Circuit's certification of the Motion to Vacate as a permissible successive *habeas* petition under 28 U.S.C. § 2255(h).

In 2009, Mr. Limon pled guilty to three counts of Armed Bank Robbery, in violation of 28 U.S.C. § 2113(a) and (d), and one count of Brandishing a Firearm During A Crime of Violence, in violation of 18 U.S.C. § 924(c). In 2007, the Court sentenced Mr. Limon to 195 months of imprisonment on each of the Bank Robbery counts, to be served concurrently, and 84 months on the Firearm count, to be served consecutively, for a total sentence of 279 months. Mr. Limon challenged certain aspects of his sentence in a direct appeal, but the 10th Circuit affirmed that sentence in 2008. *U.S. v. Limon*, 273 Fed.Appx. 698 (10th Cir. 2008).

In 2009, Mr. Limon filed a *pro se* Motion to Vacate **(# 123)** his sentence, arguing that: (i) he was denied effective assistance of counsel at the sentencing and appellate stages of his case,

and (ii) he was "actually innocent of the consecutive sentence" imposed on the Firearm count because the Bank Robbery count provided for a greater mandatory minimum sentence than did 18 U.S.C. § 924(c). The Court denied that motion in 2010 on its merits and Mr. Limon did not timely appeal.

On June 23, 2016, Mr. Limon, through counsel, filed the instant Motion to Vacate. That motion challenges the legal sufficiency of his conviction on the Firearm count (and thus, the 84-month consecutive sentence on that count). Mr. Limon argues that the Firearm count was necessarily predicated on 18 U.S.C. § 924(c)(3)(B), and that the U.S. Supreme Court's ruling in *Johnson v. U.S.*, 135 S.Ct. 2551 (2015), renders that statute (the "residual clause") unconstitutionally vague.

Simultaneously with that Motion, Mr. Limon filed the instant Motion to Stay, acknowledging that the instant Motion to Vacate was a "second or successive" *habeas* petition under 28 U.S.C. § 2255(h), such that certification of that motion by the 10th Circuit was required before this Court could consider it. Mr. Limon explained that he had moved for certification from the 10th Circuit, but had not received a prompt ruling on that motion, and was filing the instant Motion to Vacate prophylactically, as the limitations period for filing his substantive petition was about to expire. The Motion to Stay requested that the Court "defer any order or judgment on the *Johnson* motion until after the 10th Circuit makes its certification decision." To date, Mr. Limon has not filed anything that indicates whether the 10th Circuit has ruled on his certification request, nor withdrawn his request to stay consideration of the petition pending such certification.[1]

---

[1] This Court takes judicial notice of the 10th Circuit's docket in *In re Limon*, 10th Cir. Case No. 16-1195. By Order dated June 24, 2016, the 10th Circuit abated consideration of Mr.

This Court finds that it is unnecessary to await the Circuit Court's determination of Mr. Limon's request for leave to file a second or successive § 2255 petition because, even if such leave were obtained, Mr. Limon's petition would have to be dismissed as untimely in any event. It is well-settled that a *habeas* petition must be brought within one year of the petitioner's conviction having become final. 28 U.S.C. § 2255(f)(1). Mr. Limon's conviction became final on Oct. 6, 2008, when the U.S. Supreme Court denied his petition for certiorari. *U.S. v. Limon*, 129 S.Ct. 218 (2008). Thus, any § 2255 petition Mr. Limon filed after Oct. 6, 2009 would be untimely.

There is an exception to the one-year limitation period, however. If the U.S. Supreme Court "newly recognize[s]" a right and makes that finding retroactive, a defendant has one year from the date that right is "initially recognized" by the Supreme Court to bring a § 2255 petition invoking that new right. 28 U.S.C. § 2255(f)(3). Mr. Limon argues that the Supreme Court decided *Johnson* on June 26, 2015, and that therefore his petition, filed on June 23, 2016, is timely under §2255(f)(3).

Unfortunately, the 10th Circuit has squarely addressed this argument and concluded that the Supreme Court's *Johnson* ruling – which declared certain portions of the Armed Career Criminal Act ("ACCA") void for vagueness – does <u>not</u> "recognize" a new right for defendants convicted under other federal statutes, even if those statutes contain language identical to that in the ACCA. The 10th Circuit formally announced this rule in *U.S. v. Greer*, 881 F.3d 1241 (10th Cir. 2018). There, a defendant was sentenced under §4B1.2(a)(2) of the Sentencing Guidelines, which were, at the time, considered to be mandatory. That provision of the Guidelines contains language identical to the ACCA. The defendant filed a § 2255 petition, invoking *Johnson* and

---

Limon's motion for authorization, "pending further order of this court." No further proceedings have occurred in the case.

arguing that his sentence should be vacated for the same reasons. The 10th Circuit found that the defendant's petition was untimely, even under §2255(f)(3), because "the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA." *Id.* at 1248. Even though §4B1.2(a)(2) of the Guidelines contained identical language to the ACCA, the 10th Circuit refused to find that *Johnson* "recognized" the same right in the Guidelines context: "Mr. Greer asserts [ ] a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in *Johnson* speaks to the issue." *Id.* The clear thrust of *Greer* is that *Johnson* claims can be timely raised only by defendants who were <u>actually</u> sentenced under the ACCA's residual clause; defendants sentenced under analogous statutes have yet to have their rights specifically recognized by the Supreme Court. And without Supreme Court precedent expressly recognizing their rights in the particular context in which they were sentenced, they cannot rely on § 2255(f)(3) to bring what would otherwise be an untimely § 2255 petition.

The 10th Circuit also has applied the rule of *Greer* to cases that are factually-identical to Mr. Limon's. In *U.S. v. Autobee*, 701 Fed.Appx. 710 (10th Cir. 2017), the defendant, like Mr. Limon, pled guilty in 2006 to counts under 18 U.S.C. § 924(c), arising out of armed bank robberies under 18 U.S.C. § 2113(a). Within days of *Johnson* being decided in 2015, the defendant filed a § 2255 petition arguing that *Johnson*'s logic would declare § 924(c)(3)(B) unconstitutional as well. The 10th Circuit acknowledged that its prior precedent might support the defendant's claims on the merits, but found the petition was untimely because "the question is not whether a court of appeals has recognized the right at issue, but instead whether the Supreme Court has done so." *Id.* at 714. It held that "[e]ven if we were to conclude that the

reasoning of *Johnson* should be extended to invalidate § 924(c)(3)(B) . . . *Johnson* does not dictate the right Mr. Autobee asserts, as he seeks an altogether new right the Supreme Court has yet to recognize. Because §2255(f)(3) contemplates a new right recognized by the Supreme Court, rather than a lower court, he cannot avail himself of that provision." The Circuit Court dismissed the petition as untimely (and denied a Certificate of Appealability). *See also U.S. v. Salvador*, ___ Fed.Appx. ___, 2018 WL 1001264 (10th Cir. Feb. 21, 2018) (on the same facts, finding "a defendant cannot invoke *Johnson* to proceed under § 2255(f)(3) unless the defendant is challenging on vagueness grounds the ACCA's residual clause").

Thus, regardless of whether the 10th Circuit would otherwise certify Mr. Limon's petition as a second or successive one, the petition will inevitably have to be dismissed as untimely, unless and until the Supreme Court expressly rules that the residual clause of § 924(c) is unconstitutional. At that point, Mr. Limon will then have one year in which to: (i) seek certification from the 10th Circuit to bring a successive petition based on the new Supreme Court decision, and (ii) bring the petition.

The Court is mindful of the peculiar, perhaps even Kafka-esque, procedural situation in which Mr. Limon finds himself. Soon, he will complete the Bank Robbery portion of his sentence and will begin serving the Firearm portion, even though that latter sentence might very well be unconstitutional.[2] Nevertheless, Mr. Limon must wait – and serve -- until some other defendant with a timely claim is able to convince the Supreme Court to address the language in the statute under which he was convicted.

---

[2] It is anticipated that the 10th Circuit will address the question of the § 924(c) residual clause's constitutionality in *U.S. v. Hopper*, 10th Cir. Case No. 15-2190. A result in *Hopper* is expected imminently.

For the foregoing reasons, the Court **DENIES AS MOOT** Mr. Limon's Motion to Stay **(# 150)**. The Court **DISMISSES** Mr. Limon's Motion to Vacate **(# 149)** as untimely. For the reasons set forth in *Autobee* and *Salvador*, the Court denies a Certificate of Appealability.

Dated this 5th day of April, 2018.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge